THE STATE OF DELAWARE, upon the relation of JOSIAH O. WOLCOTT, Attorney General, *vs.* JUSTUS R. KUHNS.

1. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

   *Rev. Code* 1852, amended to 1893, *p.* 789, *c.* 106, § 1, provides that the judges of the Superior Court, shall have power, by rules made, to make such alterations in the mode of pleading in such court, and the mode of entering and transcribing pleadings, etc., as to them may seem expedient. *Superior Court Rule* 8, § 6, provides that the first Monday in each month shall be general rule day, but that plaintiff shall not be required to file his declaration or the defendant his plea until the second rule day after the day to which the process is returnable. *Section* 7 provides that every rule shall be filed fifteen days before the rule day, whether general or special, on which it expires; that either party shall be entitled to special rules for pleading, expirable on any day not less than fifteen, by giving written notice to the adverse party; that in all actions, except *scire facias* and ejectment, when the defendant is in court in person or by attorney, the prothonotary shall enter a rule narr. by the first rule day in vacation, or *non pros.*; that in *scire facias*, and actions

in which declarations are filed, the prothonotary shall, immediately after the term to which the action is brought, enter a rule on the defendant to plead or demur by the second rule day in vacation, or judgment; and that when the defendant is not in court at the first term, but comes in afterward, the prothonotary shall enter a rule narr., by the rule day next succeeding such appearance or *non pros*. *Acts Gen. Assem.* 1913, 27 *Del. Laws*, *c.* 284, add to *Section* 1 of *Chapter* 106, *p.* 789, *Rev. Code* 1852, amended to 1893, a provision that, when no affidavit of demand is filed, the plaintiff shall be required to file his declaration, and in *scire facias* and ejectment cases the defendant his plea, on the first general rule day after the process is returnable; and that the first and third Mondays in each month shall be general rule days. *Held*, that this amendment annuls *Section* 6 of *Rule* 8, so far as it applies to cases in which no affidavit of demand is filed, and compels a change in *Section* 7, so that the rules for pleading may have the dispatch contemplated by the statute and a consistency necessary to a system.

2. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under *Acts Gen. Assem.* 1913, 27 *Del. Laws*, *c.* 284, providing that in cases in which no affidavit of demand is filed the plaintiff shall file his declaration, and in *scire facias* and ejectment cases the defendant his plea, on the first general rule day after the process is returnable, and that the first and third Mondays in each month shall be general rule days, special rules requiring pleadings to be filed upon the expiration of fifteen days are no longer necessary, and all rules to plead, excepting those issued from the bench, will be general rules.

3. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under such chapter, where a pleading is filed on a day other than a general rule day, and two calendar weeks cannot elapse between the day of its issuance and the next general rule day, the rule to plead shall issue to the second general rule day, thereby insuring to the pleader the full two weeks of notice and opportunity contemplated by the statute.

4. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

The object of such statute is the dispatch of pleading and the speedy bringing of causes to issue, and its provisions must be interpreted and enforced as they are expressed.

5. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under Acts Gen. Assem. 1913, 27 *Del. Laws*, *c.* 284, providing that the first and third Mondays in each month shall be general rule day, general rule days will remain as fixed until changed by statute.

6. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

*Acts Gen. Assem.* 1913, 27 *Del. Laws*, *c.* 284, providing that in all cases in which no affidavit of demand is filed plaintiff shall be required to file his declaration, and in *scire facias* and ejectment cases the defendant his plea, on the first general rule day after the process is returnable, is mandatory, and requires the plaintiff to file his declaration as therein provided, whether the return upon the process shows service upon the defendant or not, and whether the defendant by appearance is in court or not, and requires the defendant in *scire facias* and ejectment cases, if in court by service, to file his plea as therein provided.

7. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under such statute, where the defendant is not in court by service, but appears during the term to which the process is returnable, he shall in *scire facias* and ejectment cases, and any other case in which a declaration

has been filed, be ruled to plead by the next general rule day, or, if there be not two full calendar weeks between the date of his appearance and the next general rule day, then by the second general rule day.

8. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under such statute, when once begun, pleadings shall continue under general rules to general rule days, without regard to term time or vacation.

9. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

As such statute provides only for cases in which no affidavit of demand is filed, it leaves open for direction by the judges the manner and time of pleading in cases in which affidavits of demand are filed.

10.—PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under such statute, a case in which affidavits of demand are filed, and which does not go to judgment thereon at the first or a succeeding term, becomes one as though no affidavit of demand had been filed, and the plaintiff shall be required to file his narr., and in appropriate cases the defendant his plea, on the next general rule day after the affidavit becomes ineffective if two full calendar weeks intervene, and if not then on the second general rule day, and the pleading shall then continue in the two weeks intervals contemplated by the statute.

11. PLEADING—TIME FOR FILING—STATUTORY PROVISIONS.

Under such statute, where a rule to show cause why leave should not be granted to file an information in the nature of a writ of *quo warranto* became absolute on the second Wednesday in May, and by leave of the court the information was immediately filed, the respondent should file his plea on the first general rule day in June, the next general rule day under the statute being less than two weeks distant.

(*October* 4, 1913.)

PENNEWILL, C. J., and WOOLLEY and RICE, J. J., sitting.

*Saulsbury* and *Morris* for relator.

*Daniel O. Hastings* for respondent.

Superior Court, New Castle County, October Term, 1913.

RULE TO SHOW CAUSE (No. 73, March Term, 1913) why leave should not be granted to file an information in the nature of a writ of *quo warranto*, returnable to certain day in said term, which was thereafter continued to Monday the first day of the succeeding May Term. The rule was made absolute on the second Wednesday of the latter term. By leave of court, the information which performs the function of a declaration was filed at once. The respondent asked the direction of the court as to the rule day upon which he should file his plea, in view of a recent statute affecting general rule days. The court took the request under advisement, and subsequently at the September Term, 1913, announced the following opinion and promulgated the following rules. (See *Appendix, 3 Boyce.*) The statute referred to and the existing rules of court affected thereby appear in the opinion.

Instruction.

WOOLLEY, J., delivering the instruction of the court:

At the March Term of the Superior Court the relator obtained a rule upon the respondent to show cause why leave should not be granted to file against him an information in the nature of a writ of *quo warranto*. The rule was made returnable at a certain day in that term, and was thereafter continued to the ensuing May Term, which began on the first Monday in May. After a further continuance, the rule was made absolute on this, the second Wednesday of May. Leave being granted, the relator at once filed his information, which in our practice partakes of the nature and performs somewhat the function of a declaration. Whereupon, the respondent asked the direction of the court as to the rule day upon which, under a recent change in the law, he should file his plea.

[1] It is provided by a statute of this state (*Rev. Code* 1852, amended to 1893, *p.* 789, *c.* 106, § 1), that "the judges of the Superior Court * * * shall have power, by any rules to be * * * by them made, * * * to make such alterations in the mode of pleading in said court, and in the mode of entering and transcribing pleadings, judgments, and other proceedings in actions at law, * * * as to them may seem expedient." Under the authority conferred by this statute, the judges of the Superior Court have from time to time promulgated rules directing the manner and fixing the time at and within which, pleadings in actions at law shall be filed. The last of these rules pronounced by the court are *Sections* 6 and 7 of *Superior Court Rule* 8, which direct that:

*Sec.* 6. "The first Monday in each month shall be general rule day in all of the counties. In no case, however, shall the plaintiff be required to file his declaration, or the defendant his plea, until the second rule day herein prescribed next after the day to which the process is returnable.

*Sec.* 7. "(1) Every rule shall be filed at least fifteen days before the rule day, whether general or special, on which it expires, exclusive of both days.

(2) "Either party shall be entitled to special rules for plead-

ing, expirable on any day not less than fifteen, by giving written notice to the adverse party, or his attorney, of such rule.

(3)   *   *   *

(4)   "In all actions (except *scire facias* and ejectment) when the defendant is in court, in person or by attorney, the prothonotary shall enter a rule narr by the first rule day in vacation, or *non pros*.

(5)   "In actions by *scire facias*, and in all actions in which declarations are filed, the prothonotary shall, immediately after the term to which the action is brought, enter a rule on the defendant to plead or demur by the second rule day in vacation, or judgment.

(6)   *   *   *

(7)   "When the defendant is not in court at the first term but comes in afterward, the prothonotary shall enter a rule narr by the rule day next succeeding such appearance, or *non pros*. *   *   *"

The statute that confers authority upon the judges to make and amend rules regulating the time and manner of pleading was amended by an act of the General Assembly of 1913 (*Chapter 284, Vol. 27, Laws of Delaware, p.* 820), by adding thereto the following language:

"And provided further, nevertheless, that in all cases, in which no affidavit of demand is filed, the plaintiff shall be required to file his declaration and, in *scire facias* and ejectment cases, the defendant, his plea, on the first general rule day after the process is returnable; and provided further, that the first and third Mondays in each month shall be general rule days."

The effect of this amendment is to annul *Section* 6 of the rule as it applies to a certain class of cases and to compel a change of *Section* 7 of the rule so that the rules for pleading in all cases and under all circumstances may have the dispatch contemplated by the statute and a consistency necessary to a system.

[2, 3]   Under the rules of the Superior Court previously quoted, parties were required to plead under general or special rules, a general rule requiring the pleading to be filed on the next general rule day after the issuance of such a rule, if the period of

Instruction.

fifteen days elapsed between the two dates, and if not, then on the second general rule day thereafter, and a special rule requiring the pleading to be filed upon the expiration of fifteen days from the issuance thereof. So under these rules, there prevailed a policy that in rules that issued of course, whether general or special, there should always be a period of notice of fifteen days, which is equal to the shortest notice of the special rule, before an adverse party could be compelled to plead. As the statute has increased the general rule days in the month from one to two, and has correspondingly shortened the periods for pleading, it has taken from the special fifteen-day rule the reason for longer existing. Therefore, there will hereafter be no special fifteen-day rules to plead, all rules to plead excepting such as are issued from the bench, will hereafter be general rules. But as the period of notice contemplated by the statute is about two weeks, the court will continue the policy of notice that prevailed under the old rules and hold that when a pleading is filed on a day other than a general rule day and when there cannot elapse two calendar weeks between the date of the issuance of the rule and the next general rule day, the rule to plead shall issue to the second general rule day, thereby insuring to the pleader the full two weeks of notice and opportunity contemplated by the amendatory statute.

The effect of the amendment upon the original statute under which the judges had the power to establish and to change by rule the rule days for pleading and the periods at which pleadings shall commence and be continued, is to take wholly from the judges the power to fix general rule days and partially from them the power to regulate the time and manner of pleading, by establishing with the certainty and the force of law made by statute, what days shall be rule days, and upon what rule days, in certain classes of cases, the pleadings shall commence and continue.

Over these matters the judges have no further discretion, and with respect to matters allied with them, the judges will endeavor to make rules and rulings that conform to the spirit of the new law.

[4]   Divining that the statute has for its object the dispatch of pleading and the speedy bringing of causes to issue, its provisions are plain and must be interpreted and enforced as they are expressed.

[5]   General rule days are declared by the statute to be the first and third. Mondays in each month, these days fortunately coinciding with the first day of the different terms of court in the several counties.   General rule days are thus fixed by statute and will remain as fixed until changed by statute.

[6, 7]   The statute is equally clear, that in certain cases, namely, "in all cases, in which *no* affidavit of demand is filed," the plaintiff shall file his narr. and in *scire facias* and ejectment cases, the defendant, his plea, "on the first general rule day after the process is returnable."   This provision we consider mandatory and as the statute suggests no exception to its mandate, we construe its meaning to be, that "in all cases, in which no affidavit of demand is filed," the plaintiff is required to file his declaration on the first general rule day after the process is returnable, whether the return upon the process shows service upon the defendant or not, and whether the defendant by appearance is in court or not; and that in *scire facias* cases in which no affidavit of demand is filed, and in ejectment cases, the defendant, if in court by service, is likewise required to file his plea on the first general rule day after the process is returnable.   If the defendant is not in court by service but appears during the term to which the process is returnable, the judges will supply the omission of the statute and direct that in *scire facias* cases in which no affidavit of demand is filed, and in ejectment cases and in any other case in which a declaration has been filed, the defendant shall be ruled to plead by the next general rule day after his appearance, if there be two full calendar weeks between the date of his appearance and the next general rule day, and if there be not two weeks between these dates, then the rule upon him to plead shall be to the second general rule day thereafter.

[8]   When once begun pleadings shall continue under general rules to general rule days, without regard to term time or vacation.

[9]   As the provisions of the statute as to time of pleading, extend by expression only to "cases in which *no* affidavit of demand is filed," it leaves open for direction by the judges, the manner and time of pleading in cases in which affidavits of demand *are* filed.

[10] In cases in which affidavits of demand are filed and which do not go to judgment thereon either at the first or at a succeeding term, according to the existing practice, the plaintiff shall be required to file his narr. and in appropriate cases, the defendant his plea, on the next general rule day after the date upon which the affidavit of demand has for any reason become ineffective as a method of procuring judgment, if there intervene two full calendar weeks, and if not, then on the second general rule day thereafter.

When an affidavit of demand is filed in a case and for any legal reasons ceases to have the force of an affidavit of demand, and thereupon ceases to be the effective instrument of obtaining judgment without pleadings, the case then is in just the same position of a case in which no affidavit of demand has been filed at all, and with regard to time of pleading, comes within the class of cases included by the statute in which pleading is required to be begun two weeks after the return of process. Therefore, if upon the defendant's motion judgment on the plaintiff's affidavit of demand is refused, or if the defendant files an affidavit of defense, and judgment notwithstanding an affidavit of defense is neither asked nor allowed, or if the plaintiff fails to move for judgment on his affidavit of demand within the term, either upon the original or alias, according to his service, the case becomes one as though no affidavit of demand had been filed in it, and the pleading should at once begin and continue in the two weeks intervals contemplated by the statute.

[11] Applying these rulings to the precise matter under consideration, we say that if leave had been granted the relator to file his information on the first day of the May Term which was also the first rule day in May, the defendant should have been ruled to plead on the third Monday in May. As the leave to file the information was granted the relator on this second Wednesday in May and as the next general rule day is next Monday and is therefore less than two weeks distant, the defendant is instructed that the rule day for his plea is the second general rule day from this date, which is the first general rule day in June.